The 4th District Appellate Court of the State of Illinois has reconvened. The Honorable Robert J. Steigman presiding. Thank you, Mr. Bailiff. This next case on our call this afternoon is 4-24-1194, Project IS 43,19, LLC v. Vanderburgh House, LLC. Counsel for the appellant, please state your name. Good morning. May it please the court. Michael Rosenhaus. Thank you. And counsel for the appellate? Donald Craven. Thank you, counsel. And before we begin, I want to thank both of you for being available early so we can start early as well. And I appreciate that courtesy. And with that, then, Mr. Rosenhaus, on behalf of the appellant, you may proceed. Good morning. May it please the court. I think basically the arguments have been pretty well covered in the brief, and I would anticipate primarily being available for questions, but by way of a brief recap, our primary contention is that the relationship of Lessor and Lessee did not exist at the time of the complaint. It most certainly did not exist after the parties entered into a formal contract for the sale of the real estate while the did not exist at the time of trial. There was no lease, legally speaking, there was no lease in effect. The purchase option had been exercised. The parties were attempting to close the purchase in which they would make whatever arrangements or adjustments they deemed necessary if there were any remaining under the lease. So we think this is something that goes to the heart of the matter under the Eviction Act. This simply was not a legitimate case under the Eviction Act because of this exercise of the purchase option and the supersession of the Lessor-Lessee relationship by the Vendor and Vendee relationship. And if I may, though, to kind of focus on that, because I know you're talking about that a bit, but do you think that the changes in 1970 to the Constitution and the decision in Belleville, Toyota, which is 199 Illinois 2nd, 235, after that, it seemed pretty clear that the subject matter jurisdiction is conferred on the Circuit Court by way of the Illinois Constitution. Would you agree with that? I think I would not agree with that. I would think that's taking Belleville, Toyota further than its language and the history of the Supreme Court decision making since then allows, as I tried to point out in the brief, there have been decisions since Belleville. Belleville does not signal the end of the jurisdictional nature of special statutory proceedings such as this case and such as in some of the cases we cited, proceedings involving the mentally handicapped. In fact, there's a history of Illinois Supreme Court decisions in which these special statutory requirements have been upheld as jurisdictional and so that it's not unfair to say that Belleville, the importance of Belleville may be limited to only one of the points that we raised under our heading of jurisdiction, which is the inadequacy of the notice because most of the Belleville line of cases do seem to be focused on timeliness. That said, I think the Belleville line of cases does not really do away with this limited subject matter jurisdiction. This is a case under the Eviction Act. I don't think Belleville would say you can go into and proceed under the Eviction Act under the special short notice and summary proceedings made available under the Eviction Act and you can file a consumer protection case or a matrimonial case. I mean, you can only take Belleville so far. I don't think it still has to be an eviction case. There still has to be an underlying right of possession, but it's still jurisdictional. I have a question, counsel. Is the fundamental issue in this case whether the Massachusetts Forum Selection Clause in the document the parties signed in September 22 applies? That is certainly one of the three questions that we raised and it's an important question. Yes, the court should have respected the Forum Selection Clause. There is no evidence of an Illinois policy prohibiting the litigation of disputes under these documents in the Massachusetts court as the parties agreed to do. My follow-up question is this Massachusetts Forum Selection Clause appears in the document the parties signed in September of 2022. How big is, how many pages is that document? Offhand, I don't know, but I do have the, I do have the documents here. I'm not, if the point, and I can get the exact number of pages, but. I'm just wondering to what extent is this a very lengthy document and this Forum Selection Clause is like some sort of footnote buried within it someplace? Oh no, it's a, it's a, it's not in a footnote. It's in one of the substantive paragraphs. I'll see if I can find it, but more than that, this is a really a commercial lease between two commercial entities, which, and the fact that the lease is lengthy and detailed shows that these parties are sophisticated parties, each with lawyers and fully equipped and able to negotiate the terms of the lease as they see fit and not be compelled to sign something against their interest. I don't think it, you can compare it to a consumer protection situation where you have a big company on one side and a consumer buying something and, or checking off a box on, I accept the terms and conditions on a website, for example. It's not that type of situation. This is a fully negotiated lease with lawyers on both sides and that was what the parties agreed to. So your position is the Forum Selection Clause saying that litigation concerning this document would be held in Massachusetts was enforceable, the trial court erred by not enforcing it? Yes, Your Honor, that's our position. What did the trial court say about why it wasn't going to acknowledge or enforce that provision? Well, that's an important part of the argument. The court based it on public policy considerations without providing any source for the conclusion that Illinois had a strong public policy requiring a litigation of dispute under the lease to take place in Illinois because it's an Illinois property. It's a routine for states, including both Illinois and Massachusetts, to be litigating real estate controversies based on real estate in other states. Now, when it comes time to actually enforce whatever a court decides and to go and have somebody step onto the law enforcement, step onto the real estate if necessary to enforce a party's rights, certainly that has to be done in Illinois. But that doesn't mean that the adjudication has to take place in Illinois. Courts all over the country do this all the time. Illinois adjudicating rights of Indiana properties and so on. And by the way, all the courts do. It's part of accepted conflict of laws that the courts do recognize that other states have an interest in having their own laws enforced with respect to property within their boundaries. And if something needed to be decided under Illinois law, it would be decided under Illinois law. But the underlying point on the jurisdiction is that the court decided on public policy grounds. It was very simple. That was the basis of its decision. And that was an error. It just has not been supported. In fact, it would be true, wouldn't it, that there'd be a lot easier and more direct to have litigation right here in Illinois? I, perhaps it would be easier from some point of view that you would have. But, you know, the property is in Illinois. But again, there is no policy requiring the court to ignore the forum that the parties selected. They did agree on this. There's no basis for ignoring that provision. You really have to show that you just, for some reason, whoever is complaining about that is really saying they really can't get a fair trial in this other forum. And there's no claim that this would be the situation here. It's not a consumer situation. It's not a situation involving, you know, social or political prejudice of any kind. It's a simple forum selection clause. And these are routinely respected. One last question on this. I'm sorry. Is my understanding correct that you're characterizing both of these litigants as corporations which deal with property and are relatively sophisticated and they have counsel, experienced counsel, advising them regarding the contract that was entered into? Was that your position? Well, I would not go beyond what the papers themselves show. That's all that's that these are limited liability companies. The papers show that they were represented by counsel or they're represented by counsel now. Certainly, they can afford lawyers. I don't think this is a case of unequal bargaining power as if one is some giant corporation and the other is a poor consumer. This is somebody from Arizona, you know, owning property in Illinois and renting it out to a business and it's one business renting from another. So, I don't think there are any. Justice Leonard, I interrupted you and please go ahead. No, I think I interrupted you, but thank you. Just as a follow-up for clarification at the that the there's been arguments made in the briefs that perhaps this is not an inconvenient form and that might be a basis as to why the form selection clause should not be enforced, but was that developed at the trial court level at all or was the trial court's basis solely that it violated public policy? Well, based on the order that was prepared by opposing counsel at the time, based on which is the final order that's being appealed from, the one and only ground was public policy. No other grounds were mentioned. So, that's the record and I think the record is sufficient for the court to proceed and look at it and say this is an error. Following up with that as well, at any point in time was there any argument with regards to the execution of the contract where it was signed under duress or that fraud was involved? I did not find anything along the lines in the record, but I wanted to verify that. Not that I was able to find in the record. No, there is no such argument. All right. Thank you. I have no further questions. Yeah. Oh, just to return to the jurisdiction argument to tie the loose ends together, even after all is said and done, the net, the bottom line of opposing of the opposition's answers to the jurisdiction argument was, well, this is something, the significance of it being jurisdiction was, you know, can it be raised for the first time appeal, not appeal? Well, the record shows that this issue of the non-exit of the purchase option changing the nature of the party's relationship is not being raised for the first time on appeal in any event. It is, it pervades the, the answer and counterclaim that was submitted by Vanderberg. It's all over. They want their purchase option enforced. And as I said, I said before, forgive me if I'm, for repeating, but this not only was the option exercise at the time of the contract, but while this litigation was pending, the parties actually entered into a contract for the sale of the real estate, and that's in the exhibits. They entered into a contract for the sale of the real estate and they planned a closing. So, you know, any argument that, well, we're, we're not really, it's not really sure that the option was exercised is, is really rendered irrelevant by that factual development. And that continued to the very end of the litigation. So then what you have actually at the end of the litigation, the day of trial, they were supposed to have closed the purchase the day of trial. Well, the closing didn't fall through. We don't know really who was at fault. Although the court did try to say something about it, but we have enough from the record to see that they were trying to close the purchase the day before. You have a whole new situation on the day of trial. It's, it's still long. What you have is parties who tried to close a real estate deal and the deal didn't close. And all the judgment below ignores, completely ignores this fact. Anything further, counsel? I have nothing further. Be happy to answer any more questions, Your Honor. Well, seeing none, you'll have an opportunity to address this again in rebuttal. Mr. Craven, on behalf of the appellee, you may make your argument, sir. Thank you, Your Honor. The, let's, I think we need to start with a little timing. The lease was entered into in 2022 as, as Your Honor noted. January 12th of 2024, Mr. Passwater sends a letter indicating that his client intends to exercise its right to purchase and sets a closing date of February 15th of 2024. February 15th comes and goes. The, the defendant now takes the position that with that January 12th letter, the lease is, for lack of a better word, subsumed into the contract. The lease terminates on January 12th, 2024. They're no longer operating under the terms of the lease. And they're operating under the, under the contract to purchase. They blew that closing in February, on February 15th. So as of February 16th, they have no possessory interest in this real estate. The lease is gone, according to them, and the real estate closing has come and gone and didn't occur. They're squatters. We gave them notice of termination. We gave them probably more notice than they were entitled to under the law. We gave them a 10-day notice, served it on March 19th, served it on March 20th. And proceeded with this litigation to terminate their tenancy, whatever type of tenancy it might have been at that point. You know, the, I believe that I disagree with counsel on the reading of Bellville-Toyota. I think the 1970 constitution solves this problem. If there are shortcomings in the actions of a landlord attempting to terminate a tenancy, those deficiencies can be raised in a motion to dismiss, but it's not, it does not raise a jurisdictional issue. Mr. Craven, I was going to ask Mr. Rosenhaus, I want to ask you as well about the form selection clause. The trial court refused to abide by it. And the first question is, are we dealing with sophisticated corporations involved in land matters represented by counsel as opposed to the old story of the little old widow lady confronted with the adhesion contract by state farm insurance? You know, this isn't that case, is it? I don't believe it's that case, Judge. But very frankly, there is nothing in this record to establish that the plaintiff is a sophisticated landowner. There's nothing in this record to establish that the plaintiff was represented by counsel at the time they signed this lease. I think from the form of the lease, it's rather easy to tell that it's a form lease developed by the defendant and used in their properties across the country. But no, there's nothing in this record to establish that we're dealing with sophisticated corporations, both represented by counsel. Well, they're both corporations dealing with land matters, are they not? Yes. Well, so I'm just wondering why, if there's this, and by the way, I asked the same question of Mr. Rosenhaus, let me ask you, how big was this contract and how many pages and what portion or where did this form selection provision appear? If I recall right, and pardon me while I look away to look at the exhibit, I believe it's a 15-page contract. And the form selection clause, it's not jumping out at me. Well, it's in 15 pages someplace, which already limits the amount of pages one has to study and consider to find this provision present. And isn't the law on this point, Mr. Craven, that sophisticated parties negotiating its arm's length agree to litigate in a given form, that they're presumably aware of the difficulties of that and agreed anyway, and absent some compelling and countervailing reason that selection should be enforced? There, as a, first of all, if I could just provide the court with the answer to the preceding question, it's on page 10 in a paragraph titled legal. Okay. In an article 26 labeled miscellaneous. The generally speaking, yes, I agree with your honor that generally speaking, you've stated the law. What are the compelling and countervailing reasons in this case before us on this record, why the form selection should not be respected? Two things. And then I have another answer to your question as well.  The plaintiff is in Arizona. The defendant is in Missouri. I'm sorry, Massachusetts, one of those M states. And obviously, it would be difficult to do litigation. How is it more difficult counsel to go from Arizona to Illinois than necessarily Arizona to Massachusetts? You meet in the middle. And the other part of the answer is the Illinois statute requires that litigation of this sort be brought in the county in which the real estate is located. So there is a suggestion in the statute itself that specifically says the parties cannot contract around that. There's nothing to suggest that that provision cannot be waived as is set forth in other specific statutes. I agree with you. It says it can't be waived. It simply says shall be brought in the county in which the real estate is located. And so it is a special venue proceeding. But when we're talking about the public policy, it's not akin to other examples that were set forth in the brief where it specifically prohibits that. And this is not, this is about possession. It's not an MRM proceeding. And it doesn't deal with, you know, what's going on in the county. You know, ownership. It's just who has the better right to possession, correct? Correct. But the other, the, the other problem. If I could, circling back to Justice Steigman's question, though, with regards to the parties themselves, I mean, the parties also negotiated, did they not, that the option to purchase would be governed by the laws of the state of Illinois. So they appeared to be familiar with how they could negotiate those provisions, correct? Again, there's nothing in the record to indicate that the terms of the lease were negotiated. It's just as likely that the lease was simply presented to plaintiff and he executed it. This is the Godfather scenario, Mr. Craven, either sign it or I got a gun to your head. Your blood will be over the contract. Is that it? There's nothing in the record to support the problem. A lot of the problem in this case is there's not a record. And there's no bystanders report. The history was lost. But an underlying problem with the defendant's reliance on the Form Selection Clause is counsel for the defendant just spent 12 minutes telling us that the lease doesn't exist anymore. That when they gave notice- What if he's wrong? Well, he's wrong on several points, Your Honor. But he can't say the lease doesn't exist and then say you got to enforce the Form Selection Clause. If you got to enforce- But you always agree that the lease exists. And if you're correct, then I agree back to the Form Selection Clause? No, because at the time we started this litigation, they'd abandoned the lease. So they say- Justice Steigman, I believe we've lost the opposing party. Just a minute ago. He's coming back.  There he is. Okay. Thank you, Justice Zino. Okay, go ahead. I apologize, Mr. Craven. I don't know if you recall where we were. I was in the middle of a great speech, Judge. I just don't remember where I was. Go ahead. If the lease is in place, then they've got to pay rent. They're taking the position they don't have to pay rent because they exercise the options. They don't get to cherry pick which provisions of the lease are going to be in place. There is also a question which we've raised in our brief about whether the question of the Form Selection Clause is even before this court. Let's talk about that a moment, counsel, because you did suggest and admittedly the appellant did not identify the May 22, 2024 order in its Notice of Appeal. However, it did request the reversal and remand of all issues and judgments contained in the August 14, 2024 order. So why shouldn't our review of that August 14, 2024 order conclude that it directly related back to the court's previous order denying Vanderburg House's motion to dismiss based on the Form Selection Clause such that we would be determining it was a step in the procedural progression leading to the judgment? I would simply repeat that they didn't include that order in their Notice of Appeal. They didn't bring that issue to this court. The August 14 order recaps the procedural history, but the court denied the issues regarding the Form Selection Clause in a separate order that was not brought before this court. Mr. Craven, in response to my question about the enforcement of the Form Selection Clause and the problems with doing that, the first point you raised is that the plaintiffs are in Arizona and the defendants are in Massachusetts. And my question is, that was the case when this contract was signed and you said there's no evidence it was negotiated, but you know, my godfather representation only half-jokingly, we have a 15-page contract signed by multiple corporations and in the absence of some threats or other unusual behavior, I think there's every reason to assume that it was negotiated between these people and this was between those parties. And this provision about where two things, one, the form selection was present in that they were already in these distant states when it was negotiated. So, why should your first explanation be given any weight at all? There is, in the record, it's a document titled Response to Defendant's Objections to Jurisdiction, Motion to Dismiss, and Motion to Quash. In paragraph 13, one page of an affidavit of plaintiff's representative attached to that document is a statement from plaintiff's rep that says the form selection clause found within a paragraph titled legal on page 10 of the lease was not negotiated or bargained for. Paragraph 14, in fact, I, on behalf of Project, the plaintiff, engaged in no discussions or negotiations whatsoever with defendant and or its representatives concerning this specific clause in the lease relating to litigation, litigating issues in Worchester County, Massachusetts. Paragraph 11, representatives of the defendant prepared the lease. So, what does this mean? I mean, here's the corporation dealing with land is presented with the lease, contains this form selection provision, never apparently made any objections to it, didn't raise a question, and then that means that gives them additional basis to say, hey, it's not enforceable because we didn't negotiate it. I'm not sure where this explanation goes. What I'm suggesting, your honor, is that this might be closer to your little old lady in farm than state farm in all state. There's nothing in the record about how much real estate is in this LLC. There's nothing in the record that indicates that this LLC owns more than just one building in Springfield, Illinois. Well, if someone is trying to undo a contract on the adhesion provision and it's not fair and it's like the little old lady in state farm, isn't there a burden to establish these facts on the record and to cite some public policy provisions that would render this contractual provision something which can be ignored as a matter of public policy? What is that? Again, I would refer you to the, if you wish, I can find this document in the record, but I would point you to this response that obviously persuaded Judge Breaux that there are reasons to not enforce a form selection clause in Massachusetts. I, like the court and like counsel, none of us were present when this motion was argued to Judge Breaux. There is no record and there's no bystanders report, so we don't know everything that was stated to Judge Breaux. Another question about all this, isn't the rule in Illinois, as I suggested, that absent some compelling and countervailing reason why a form selection clause should not be enforced, it should be enforced? And in that regard, you're an experienced litigator, Mr. Craven, and when it talks about absence of compelling and countervailing reason, if you're arguing that that's the doctrine that should apply, it would be your burden to present and convince the trial court in this court about the existence of whatever that compelling and countervailing reason is. I just don't see it in this record. Um, paragraph 16 of that same document, uh, cites to Keats versus Cates, um, as the situs of, as a state of the situs of the property, Illinois courts have jurisdiction not only to determine the ownership of real estate, but may impose obligations upon persons in an action arising from the ownership, use, or possession of property within the state. Um, so of course that would be true always in the absence of a foreign selection clause, but does it say, does that trump a foreign selection clause? Yes, the strong, the strong public policy in the state of Illinois is that litigation involving, uh, specifically eviction cases be litigated in the county in which the real estate is located. And as noted, an important part of that, of that issue is in the enforcement. Your time's up, but I want you to be able to finish. Okay. Thank you. I didn't know what the, I'm, I'm, I'm new to the beep. Um, go ahead. The, the, the enforcement of an eviction judgment, uh, would re if it requires the assistance of the same county sheriff, uh, is going to involve the, the, the Sangamon County courts as well. Thank you, Mr. Craven. Mr. Rosenhouse, on behalf of the appellate, you make your rebuttal argument of this time. Uh, I think the court and its questions has, has touched upon many of the points, uh, that I would have raised in the rebuttal. Uh, I just didn't want to ignore the, uh, third point, uh, in a brief, which was the, uh, default order. Uh, and I wanted to emphasize that, uh, Vandenberg, the defendant was defaulted and never had an opportunity to present its case based on an error and the error being that, uh, that the defendant did not appear. It simply is not true as a matter of law that because the representative, the individual human representative of the LLC, uh, was barred from testifying that that means that the, uh, defendant failed to appear and can therefore be defaulted and as such that, uh, the plaintiff does not have to prove its case as to liability and the court can go directly to damages. There was no, uh, the defendant, the LLC did appear through its, uh, counsel and should not have been, uh, defaulted. Other than that, uh, I would rest and, uh, again, welcome any other questions that the court might have. I see none. So I thank you, uh, Mr. Rosenblum and Mr. Craven for your arguments. The court, uh, will take this matter under advisement, issue a decision in due course.